Kirk D. Miller, WSBA #40025
Kirk D. Miller, P.S.
421 W. Riverside Ave.
Suite 660
Spokane, WA  99201
(509)413-1494 Telephone
(509)413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOMENICO PISANI, | ) Case No.: |
|  | ) |
| Plaintiff, | ) COMPLAINT |
|  | ) |
| vs. | ) (JURY DEMANDED) |
|  | ) |
| CENTRAL CREDIT SERVICES LLC, | ) |
|  | ) |
| Defendant. | ) |

Plaintiff Domenico Pisani, by and through his attorney, Kirk D. Miller of *Kirk D. Miller, P.S.*, allege the following:

I. COMPLAINT

1.1. This is an action for damages and remedies against Central Credit Services, LLC (hereinafter "CCS") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

/////

/////

COMPLAINT 1

## II. JURISDICTION & VENUE

2.1. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

2.2. Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendant conducts affairs and transacts business in this District, the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

## III. FEDERAL QUESTION SUBJECT MATTER JURISDICTION

3.1 Plaintiff Domenico Pisani "consumer" as defined by FDCPA, 15 U.S.C. § 1692a(3).

3.2 Plaintiff Domenico Pisani is a natural person.

3.3 Plaintiff Domenico Pisani was alleged to be obligated to pay a debt.

3.4 The alleged debt of Plaintiff Domenico Pisani was an alleged obligation to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.5 Plaintiff Domenico Pisani alleged debt was for a Century Link account.

COMPLAINT 2

3.6   Defendant Central Credit Service was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. § 1692a(5).

3.7   Defendant CCS is a "debt collector" as defined by FDCPA, 15 U.S.C. § 1692a(6).

3.8   Defendant CCS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another using the telephone and mail.

## IV. PARTIES

4.1.   Now, and at all relevant times, Plaintiff Domenico Pisani was a resident of the state of Washington, and residing within the territorial jurisdiction area of the United States District Court for the Western District of Washington.

4.2.   Defendant CCS is a for-profit corporation, incorporated in the state of Florida and doing business in the state of Washington.

## V. FACTS

5.1.   Defendant CCS alleged that sometime in or around 2014, Plaintiff incurred a debt with Century Link.

5.2.   The alleged debt is an obligation incurred primarily for personal, family or household purposes.

COMPLAINT 3

5.3. The debt that Credit Central Service alleges the Plaintiff owes arose out of services that were provided by Century Link.

5.4. Plaintiff disputes that he owes any money to the Defendant or to Century Link.

5.5. On or about April 28, 2015, Defendant sent a dunning letter to Plaintiff.

5.6. On June 1, 2015, Plaintiff, through his then attorney, Robert Miller, a staff attorney with the Northwest Justice Project, sent an attorney representation letter to Defendant, which disputed the alleged debt.

5.7. Attorney Robert Miller's June 1, 2015 letter demanded that Defendant cease all communication with Plaintiff.

5.8. Defendant received the June 1, 2015 letter on June 10, 2015 and it was signed for by Defendant's agent Kim Price.

5.9. At no time did attorney Robert Miller consent to Defendant contacting Plaintiff directly.

5.10. As of June 10, 2015, Defendant knew that Plaintiff was represented by an attorney.

5.11. On or about September 29, 2015, Defendant sent another letter directly to Plaintiff, rather than his attorney.

COMPLAINT 4

5.12. The September 29, 2015 letter was a communication sent in connection with the collection of the Century Link account.

5.13. The September 29, 2015 letter was sent in direct response to the dispute letter sent by Plaintiff's former counsel on June 1, 2015.

5.14. Attorney Robert Miller responded to the September 29, 2015 letter on or about November 5, 2015.

5.15. In Mr. Miller's November 5, 2015 letter, he informed Defendant, in part, that it violated the FDCPA by contacting his client directly after receiving the prior correspondence from him.

5.16. The November 5, 2015 letter demanded, again, that Defendant cease all communication with Plaintiff.

5.17. Defendant received the November 5, 2015 letter on November 10, 2015 and it was signed for by Defendant's agent Kim Price.

5.18. On November 13, 2015, Defendant sent yet another communication directly to Plaintiff in connection with its attempts to collect the alleged Century Link account.

5.19. Sometime after Defendant sent Plaintiff the November 13, 2015 collection letter, the alleged account was assigned to another debt collector.

COMPLAINT 5

# VI. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

6.1. Plaintiff Domenico Pisani incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6.2. Defendant CCS, violated 15 U.S.C. § 1692c(a)(2) by communicating in connection with the collection of a debt with a person known to be represented by counsel.

6.3. Defendant CCS violated 15 U.S.C. § 1692c(c) by failing to cease all communication as demanded in the aforementioned June 1, 2015 letter.

6.4. As a result of each of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages up to one thousand dollars ($1,000.00) pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

# VII. ARTICLE III STANDING

7.1   Defendant's Injury is Particularized.

7.1.1  Defendant's actions affected the Plaintiff in a personal and individual way.

COMPLAINT 6

  7.1.2  Defendant specifically violated the Defendant's rights (as opposed to the rights of others), which he is entitled to under the FDCPA, as set forth in § VI, above.

 7.2 Plaintiff's Injury is Concrete.

  7.2.1  "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692.

  7.2.2  Violating 15 U.S.C. § 1692c is abusive conduct by a debt collector.

  7.2.3  Plaintiff had a right to not receive communications from Defendant after he was represented by counsel.

  7.2.4  Defendant's illegal contacts caused the Plaintiff annoyance and frustration.

  7.2.5   Defendant's illegal contacts were akin to a trespass upon Plaintiff's right to not receive communications from a debt collector.

  7.2.6  Defendant's acts and omissions that violated the FDCPA caused Plaintiff concrete injury to his legal rights under the act.

## VIII. DEMAND

COMPLAINT 7

WHEREFORE, Plaintiff demands judgment as follows:

8.1. Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1) for an award of statutory damages of one thousand dollars ($1,000.00) pursuant to 15 U.S.C.§1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

8.2. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3); and

8.3. For such other and further relief as may be just and proper.

DATED this 13th day of July, 2016.

*Kirk D. Miller, P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

COMPLAINT 8